Filed 10/15/13  In re Z.O. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re Z.O., a Person Coming Under the Juvenile Court Law. | B246619 |
| | (Los Angeles County Super. Ct. No. CK86430) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Plaintiff and Respondent, | |
| v. | |
| E.O., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Veronica McBeth.  Affirmed.

Patricia K. Saucier, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, and Navid Nakhjavani, Deputy County Counsel, for Plaintiff and Respondent.

## INTRODUCTION

E.O. (Mother) appeals from an order of the juvenile court terminating her parental rights to her daughter, Z.O. Mother's sole contention on appeal is that the Los Angeles County Department of Children and Family Services (DCFS) failed to comply with the inquiry and notice requirements of the federal Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.) and the analogous California statutes governing custody proceedings involving Indian children (Welf. & Inst. Code, § 224 et seq.).[1] We conclude, based upon the certified documents provided to us by DCFS with its motion to augment the record on appeal, which motion we grant, that the inquiry and notice conducted was in full compliance with the requisites of the statute and therefore affirm the order terminating parental rights.

## FACTUAL AND PROCEDURAL BACKGROUND

Z.O. (born in Apr. 2010) was removed from Mother's custody in February 2011 based on a referral alleging Mother had physically attacked the maternal grandmother in the child's presence. A relative advised DCFS that the family had native American Indian ancestry. DCFS sent notices to the appropriate tribes as required by the ICWA.

At the jurisdiction hearing held on April 26, 2011, the juvenile court received into evidence a last minute information form dated March 17, 2011, as well as a last minute information form dated April 26, 2011, to which DCFS had attached the certified return receipts of the ICWA notices DCFS had sent to the relevant tribes, the Bureau of Indian Affairs (BIA), and the Secretary of the Interior. Although not contained in the clerk's transcript prepared for this appeal, it appears the last minute information form dated March 17, 2011, and its accompanying attachments included the notices DCFS had sent to the tribes, the BIA, and the Secretary of the Interior. Finally, DCFS filed with the court the letters it had received from the noticed tribes stating Z.O. was not a member and

---

[1]    All undesignated section references are to the Welfare and Institutions Code.

was not eligible for membership in their respective tribes. The court sustained the section 300 petition, and found that the ICWA did not apply to this case.

In June 2012, the court held a 12-month review hearing at which it terminated family reunification services. In January 2013, the court held a section 366.26 hearing and terminated parental rights, ordering adoption by the maternal aunt as the permanent plan for Z.O.

This appeal followed.

**DISCUSSION**

Pursuant to 25 United States Code section 1912(a): "In any involuntary proceeding in a State court, where the court knows or has reason to know that an Indian child is involved, [DCFS] shall notify the parent or Indian custodian and the Indian child's tribe, by registered mail with return receipt requested, of the pending proceedings and of their right of intervention." Section 224.2, subdivision (a)(1) similarly provides that notice to the tribe "shall be sent by registered or certified mail with return receipt requested." "[B]oth the federal ICWA regulations (25 C.F.R. § 23.11(d)(3) (2008)) and section 224.2, subdivision (a) require the agency to provide all known information concerning the child's parents, grandparents and great-grandparents." (*In re Cheyanne F.* (2008) 164 Cal.App.4th 571, 576.) Notice given by DCFS pursuant to the ICWA must contain enough information to permit the tribe to conduct a meaningful review of its records to determine the child's eligibility for membership. As relevant here, section 224.2, subdivision (c) requires that "[p]roof of the notice, including *copies of notices sent* and all return receipts and responses received, shall be filed with the court in advance of the hearing . . . ." (Italics added.)

The clerk's transcript prepared for this appeal does not contain the last minute information for the court filed on March 17, 2011, which the court received into evidence at the jurisdiction hearing on April 26, 2011, and which evidently included the notices sent by DCFS in compliance with ICWA requirements. However, based upon the exhibit

3

to the motion to augment the record which contains the notices and which was obtained from the juvenile court's file, we are satisfied the court did in fact receive and review the notices on April 26, 2011, in determining that ICWA notice was proper and that Z.O. is not an Indian child.

Having been served with the motion to augment the record on appeal (through her counsel), Mother has had the opportunity to examine the notices sent to the tribes. She has not filed a reply brief and has not argued that the content of those notices was in any way deficient. Accordingly, we need not discuss the sufficiency of those notices. We find no error requiring reversal of the challenged order.

### DISPOSITION

The order terminating parental rights is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


SUZUKAWA, J.

We concur:


WILLHITE, Acting P. J.


MANELLA, J.

4